IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KEITH E. COLEY                                                                                               PETITIONER
ADC #094008
v.                                        Case No. 5:18cv00054 JLH-JTK

WENDY KELLEY[1], Director,
Arkansas Department of Correction                                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States

---

[1]The Court notes Petitioner has named several defendants, but the proper Respondent in this habeas action is Wendy Kelley.  *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 447 (2004).

District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A 149
Little Rock, AR 72201-3325

**I. Introduction**

Petitioner, Keith E.Coley, is a prisoner currently confined to the Grimes Unit of the Arkansas Department of Correction. On February 22, 2018, he initiated this § 2254 habeas action. (DE #2). He filed an application to proceed in forma pauperis (DE #1), and for the purposes of this recommended disposition, it is provisionally granted.

On April 11, 2002, the Pulaski County Circuit Court sentenced petitioner as a habitual offender to a total sentence of 120 months in the Arkansas Department of Correction for a myriad of drug charges and as a felon in possession of a firearm. He was later released on parole on April 21, 2005, but he absconded on November 8, 2005, was returned to custody on October 27, 2008, only to abscond again on July 7, 2009, resulting in his return to custody on April 14, 2013. *See Coley v. Hobbs*, Case No. 5:14-cv-00018 JLH-JTK. Coley's parole was revoked after a hearing on September 12, 2013, and the decision was affirmed on appeal to the parole board on October 7, 2013. Coley did not appeal the board's decision further. *Id.*

On January 23, 2014, Coley brought the above-referenced matter before the Court in a habeas petition, arguing that he was being illegally held longer than his sentence and the time he was in absconder status should have been counted towards his sentence. He also argued his parole hearing did not afford him due process. In a proposed findings and recommendation, the undersigned determined the petition was procedurally defaulted, without merit, and not based on federal law. The decision was adopted, and Coley's application for a certificate of appealability was denied by the Eighth Circuit Court of Appeals, and the appeal was dismissed.

In the instant petition, Coley similarly argues that the extension of his sentence is illegal and that he was not afforded any due process of law when "2979 days (8 years) [was] added to my sentence." Doc. No. 2, Petition, at p. 3. On December 28, 2017, Coley filed in the Pulaski County Circuit Court a Petition to Correct Illegal Sentence. *State v. Keith Eldred Coley*, Case No. 60CR-01-319. The matter remains pending before Pulaski County Circuit Court Judge Leon Johnson. In the petition filed before this Court, Coley states he has not heard from or received an answer from the state court. *Id.* at p. 4. He claims he has exhausted all of his administrative remedies as an inmate imprisoned must do. *Id.* at p. 5.

Ordinarily, exhaustion of available state-court remedies would come into play in matters such as this; however, in this instance, Coley's pending motion in state court has no bearing on the undersigned's recommendation. For the reasons that follow, the Court recommends that the current habeas petition be dismissed because it is successive, procedurally defaulted, without merit, and not based on federal law.

## II. Discussion

A claim presented in a second or successive habeas petition under § 2254 must be dismissed

unless the Petitioner can make a prima facie showing that he meets all of the requirements of 28 U.S.C. § 2244(b)(2). Importantly, this determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). Thus, in order for Petitioner to file and pursue this successive habeas action, he must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).

The instant petition is clearly a successive petition. Petitioner does not assert that he has sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this petition. He may not file a successive petition in this Court without permission of the Eighth Circuit. Furthermore, for the same reasons previously outlined in his first habeas petition, Coley's claims are procedurally defaulted and without merit. He did not seek to appeal his parole revocation decision past the parole board using the methods provided by Arkansas law, and his claims center primarily on the application of state law and not federal law.

### III. Conclusion

Based on the foregoing, it is recommended that all pending motions be denied as moot and the petition dismissed. Further, pursuant to 28 U.S.C. § 1915(a), the undersigned recommends the finding that an appeal from dismissal would not be taken in good faith.

SO ORDERED this 28th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

4