# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

KEITH E. COLEY, ADC #094008                                          PETITIONER

v.                                    No. 5:18cv00054 JLH-JTK

WENDY KELLEY[1], Director,
Arkansas Department of Correction                                    RESPONDENT

## ORDER

The Court has received proposed findings and recommendations from United States

Magistrate Judge Jerome T. Kearney. After careful review of the findings and recommendations

and the timely objections thereto, as well as a <u>de novo</u> review of the record, the Court concludes that

the findings and recommendations should be, and are hereby, approved and adopted as this Court's

findings in all respects in their entirety, with the following additional comments. The only real issue

is whether the current petition is a "second or successive" petition under 28 U.S.C. § 2244(b)(3)(A).

> A prior petition that has been dismissed without prejudice for failure to exhaust state
> remedies leaves open the possibility for future litigation and has not, therefore, been
> adjudicated on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485-86, 120 S. Ct.
> 1595, 146 L. Ed. 2d 542 (2000). In contrast, the dismissal of a first petition with
> prejudice because of a procedural default (and a failure to show cause and prejudice)
> forecloses the possibility that the underlying claims will be addressed by a federal
> court. *See Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005). Such a
> dismissal therefore constitutes a disposition on the merits and renders a subsequent
> petition second or successive for purposes of 28 U.S.C. § 2244(b).

*McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Graham v. Costello*, 299 F.3d 129,

133 (2nd Cir. 2002) ("Conversely, when a prior petition is denied because the claim raised is

procedurally defaulted (i.e., the petitioner failed to raise the claim on direct appeal and has not made

a showing of cause and prejudice for that failure), the denial is 'on the merits,' rendering a

---

[1] The Court notes petitioner has named several defendants, but the proper respondent in this
habeas action is Wendy Kelley. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 447 (2004).

subsequently filed petition 'second or successive.'").  Here, Coley's prior petition was dismissed with prejudice because it was procedurally barred because he failed to raise the claim on direct appeal and he had not made a showing of cause and prejudice.  That prior petition was, therefore, denied "on the merits."  Thus, the current petition is "second or successive."  Judgment will be entered accordingly.

IT IS SO ORDERED this 23rd day of March, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE